IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES FIRE INSURANCE
COMPANY,

        Plaintiff,

v.

THE STAROSTA LAW FIRM, LLC;
TIMOTHY STAROSTA; and
ANGELA SCANLAN,

        Defendants.

Case No. 4:21-cv-283

**COMPLAINT**

Plaintiff United States Fire Insurance Company ("U.S. Fire"), pursuant to 28 U.S.C. § 2201(a) and Federal Rules of Civil Procedure 8(a) and 57, for its complaint against Defendants The Starosta Law Firm, LLC ("Law Firm"), Timothy Starosta, and Angela Scanlan alleges as follows:

## I.    PARTIES, JURISDICTION, AND VENUE

1.    U.S. Fire is an insurance company and corporation organized under the laws of the State of Delaware with its principal place of business in the State of New Jersey.

2.    The Law Firm is a limited liability company organized under the laws of the State of Missouri with its principal place of business in the State of Missouri.  Upon information and belief, Starosta is the Law Firm's sole member.

3.    Starosta is an attorney licensed and practicing in the State of Missouri and a citizen and resident of the State of Missouri.

4.    Angela Scanlan is a citizen and resident of the State of Missouri.

5.     The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity exists between U.S. Fire and Defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Starosta and Scanlan reside in this district and a substantial part of the events giving rise to U.S. Fire's claims for relief occurred in this district.

## II.     GENERAL ALLEGATIONS

### A.  Underlying Suit

7.     On April 9, 2014, Angela Scanlan sustained injuries in a motor vehicle accident ("Accident") involving K&B Contractors and Ryan Shockley in Clay County, Missouri.

8.     On April 18, 2014, Scanlan retained Starosta to represent her in connection with claims for damages she may have against K&B Contractors and Shockley as a result of the Accident.

9.     Scanlan executed a Contingent Fee Contract with Starosta and the Law Firm on April 18, 2014.  *See* Ex. A.

10.     By letter dated May 7, 2014, Starosta confirmed the representation with a signed Attorney-Client Engagement Letter.  *See* Ex. B (redacted).

11.     Starosta did not file any pleadings against K&B Contractors or Shockley within the five-year statute of limitation, which expired on April 9, 2019.

12.     By emails dated May 28, June 1, and June 3, 2019, Scanlan and her husband requested status updates from Starosta, voiced concern that her case against K&B Contractors or Shockley may not have been filed in time, and inquired whether she should get new counsel.  *See* Ex. C (redacted).

2

13.    On July 5, 2019, following a meeting with Scanlan, Starosta sent her a letter confirming he advised her of the status of the matter, of the current settlement offers, and that the settlement offers "should be responded to as quickly as possible" ("July 5, 2019 Letter"). *See* Ex. D (redacted). In the July 5, 2019 Letter, Starosta also confirmed that he would no longer be representing Scanlan and he had "advised that [she] should immediately consult with an independent attorney to analyze whether [she] may have a claim against [him]." *See* Ex. D.

14.    By letter dated July 11, 2019, the law firm of Davis, Bethune & Jones, LLC informed Starosta that Scanlan had retained the firm to investigate potential legal malpractice claims she may have against him. The letter requested that Starosta notify his malpractice insurance carrier, if he had not done so already, and made a formal demand for all insurance policies. *See* Ex. E.

15.    On October 25, 2019, Scanlan filed a lawsuit captioned *Angela Scanlan, E.S. a minor by and through her next friend Patrick Scanlan, and T.S. a minor by and through her next friend Patrick Scanlan v. The Starosta Law Firm, LLC and Timothy Starosta*, Jackson County, Missouri Circuit Court, Case No. 1916-CV29334 ("Underlying Suit") against Starosta and the Law Firm. A true and correct copy of the Petition filed in the Underlying Suit on October 25, 2019 is attached as Exhibit F.

16.    In the Petition, Scanlan asserts two counts against Starosta and the Law Firm for legal malpractice and punitive damages. *See* Ex. F, ¶¶ 19 - 24.

17.    On November 14, 2019, Scanlan properly served Starosta and the Law Firm with summons and a copy of the Petition in the Underlying Suit. *See* Exs. G and H.

18.    Neither Starosta nor the Law Firm responded to the Petition in the Underlying Suit. *See* Ex. I.

19.     On April 1, 2021, Scanlan filed a Motion for Order of Interlocutory Default Judgment in the Underlying Suit.  A true and correct copy of the Motion for Order of Interlocutory Default Judgment filed in the Underlying Suit on April 1, 2021 is attached as Exhibit J.

20.     A hearing on the Motion for Order of Interlocutory Default Judgment in the Underlying Suit has been scheduled for April 29, 2021.  *See* Ex. K.

### B.  Notice to U.S. Fire

21.     On October 15, 2020, U.S. Fire received a letter dated October 9, 2020 from Scanlan's counsel at Davis, Bethune & Jones, LLC, advising that she had retained such counsel regarding a legal malpractice action against Starosta and the Law Firm arising out of Starosta's failure to file suit for Scanlan's damages arising out of the Accident before the limitations period expired on April 9, 2019 ("October 9, 2020 Notice of Claim").  *See* Ex. L.

22.     The October 9, 2020 Notice of Claim stated "Starosta has informed us that he has professional liability insurance through Crum & Forster / United States Fire Insurance Company" and requested copies of all insurance policies that may provide coverage for the Underlying Suit. *See* Ex. L.

### C.  The Policies

23.     U.S. Fire issued Lawyers Professional Liability Insurance Policy Number 580-326761-7 to The Starosta Law Firm LLC for the April 1, 2019 to April 1, 2020 Policy Period (the "2019 – 2020 Policy").  A true and correct copy of the 2019 – 2020 Policy, with the premium redacted, is attached as Exhibit M.

24.     The 2019 – 2020 Policy provides legal professional liability insurance on a claims made and reported basis.  Ex. M, Insuring Agreement I.A, at USFIC000005.

25.     The 2019 – 2020 Policy's Insuring Agreement states, in relevant part:

4

Subject to the Limit of Liability shown in Item 3. of the Declarations and as limited in Section II., the **Insurer** shall pay on behalf of the **Insured** all **Damages** and **Defense Expenses** in excess of the Deductible shown in Item 4. of the Declarations and as limited in Section II., that the **Insured** becomes legally obligated to pay as a result of a **Claim** first made against the **Insured** and reported in writing to the **Insurer** during:

1.  the **Policy Period**; or
2.  any applicable Extended Reporting Period,

by reason of a negligent act, error or omission in the performance of **Professional Services** by the **Insured** or by someone for whom the **Insured** is legally responsible, provided that such negligent act, error or omission began on or after the **Prior Acts Date** shown in Item 6. of the Declarations.

Ex. M, Insuring Agreement I.A., at USFIC000005.

26.     The 2019 – 2020 Policy Policy's Declarations Page states, in relevant part:

NOTICE: THIS IS A CLAIMS MADE AND REPORTED POLICY. EXCEPT AS OTHERWISE PROVIDED HEREIN, THIS POLICY PROVIDES COVERAGE FOR **CLAIMS** FIRST MADE AGAINST THE **INSUREDS** AND REPORTED TO THE **INSURER** DURING THE **POLICY PERIOD** OR DURING ANY APPLICABLE EXTENDED REPORTING PERIOD. . . .

Ex. M, Declarations Page, at USFIC000004.

27.     The 2019 – 2020 Policy defines "Claim" as:

1.  a demand or civil proceeding seeking **Damages**;
2.  service of suit seeking **Damages**;
3.  institution of alternative dispute proceedings seeking **Damages**; or
4.  a demand for services.

Ex. M, Definitions IV.B., at USFIC000010.

28.     The 2019 – 2020 Policy's Notice of Claim provision provides, in relevant part:

The **Insureds** shall, as a condition precedent to the obligations of the **Insurer** under this policy, give written notice of a **Claim** as soon as practicable, but in no event later than 60 days after the expiration of the **Policy Period**. . . . Such written notice shall include:
   (a) all written correspondence between the claiming party and any **Insured**;
   (b) a written summary of the facts and circumstances of the allegation of the negligent act, error, omission, **Personal Injury** or **Advertising Liability**;

        (c) dates and details of the parties involved; and
        (d) possible **Damages**.

Ex. M, General Conditions VI.A., at USFIC000013.

29.     Despite knowledge of the missed statute of limitation on Scanlan's claims, and knowledge of the Underlying Suit, having been served on November 14, 2019, Starosta failed to disclose the Underlying Suit on the application for the 2020 – 2021 Policy, which he signed on March 27, 2020.  *See* Ex. N (redacted).

30.     Specifically, question 4b on the application for the 2020 – 2021 Policy, signed on March 27, 2020, asked "[a]fter inquiry of all attorneys and staff of the firm, within the past year have any past or present personnel . . . know of any professional liability claims made against the firm, its affiliates or its personnel?"  Starosta responded "no."  *See* Ex. N, at page 3.

31.     Question 4c on the application for the 2020 – 2021 Policy also asked "[a]fter inquiry of all attorneys and staff of the firm, within the past year have any past or present personnel . . . become aware of any act, error or omission or fee dispute which might become the basis of a claim against the firm or its personnel?"  Starosta again responded "no."  *See* Ex. N, at page 3.

32.     The application for the 2020 – 2021 Policy includes the following after question 4:

> **NOTE: THE POLICY FOR WHICH THIS APPLICATION IS BEING MADE SHALL NOT APPLY TO ANY INCIDENTS OR CLAIMS DETAILED OR WHICH SHOULD HAVE BEEN DETAILED IN QUESTION 4 a, b, or c ABOVE.**

*See* Ex. N, at page 3.

33.     In reliance on Starosta's answers in the March 27, 2020 application for the 2020 – 2021 Policy, U.S. Fire issued Lawyers Professional Liability Insurance Policy Number 580-333251-6 to The Starosta Law Firm LLC for the April 1, 2020 to April 1, 2021 Policy Period

("2020 – 2021 Policy").  A true and correct copy of the 2020 – 2021 Policy, with the premium

redacted, is attached as Exhibit O.

34.     The 2020 – 2021 Policy was cancelled effective September 20, 2020.  Ex. O,

Endorsement Number: LPL-114 (04/17), at USFIC000051.

35.     The 2020 – 2021 Policy provides legal professional liability insurance on a claims

made and reported basis.  Ex. O, Insuring Agreement I.A., at USFIC000033.

36.     The 2020 – 2021 Policy's Insuring Agreement states, in relevant part:

> Subject to the Limit of Liability shown in Item 3. of the Declarations and as
> limited in Section II., the **Insurer** shall pay on behalf of the **Insured** all
> **Damages** and **Defense Expenses** in excess of the Deductible shown in Item
> 4. of the Declarations and as limited in Section II., that the **Insured** becomes
> legally obligated to pay as a result of a **Claim** first made against the **Insured**
> and reported in writing to the **Insurer** during:
> 1.  the **Policy Period**; or
> 2.  any applicable Extended Reporting Period,
> by reason of a negligent act, error or omission in the performance of
> **Professional Services** by the **Insured** or by someone for whom the **Insured**
> is legally responsible, provided that such negligent act, error or omission
> began on or after the **Prior Acts Date** shown in Item 6. of the Declarations.

Ex. O, Insuring Agreement I.A., at USFIC000033.

37.     The 2020 – 2021 Policy's Declarations Page states, in relevant part:

> NOTICE: THIS IS A CLAIMS MADE AND REPORTED POLICY.
> EXCEPT AS OTHERWISE PROVIDED HEREIN, THIS POLICY
> PROVIDES COVERAGE FOR **CLAIMS** FIRST MADE AGAINST THE
> **INSUREDS** AND REPORTED TO THE **INSURER** DURING THE
> **POLICY PERIOD** OR DURING ANY APPLICABLE EXTENDED
> REPORTING PERIOD. . . .

Ex. O, Declarations Page, at USFIC000032.

38.     The 2020 – 2021 Policy defines "Claim" as:

> 1.  a demand or civil proceeding seeking **Damages**;
> 2.  service of suit seeking **Damages**;
> 3.  institution of alternative dispute proceedings seeking **Damages**; or
> 4.  a demand for services.

7

Ex. O, Definitions IV.B., at USFIC000038.

39.     The 2020 – 2021 Policy does not apply to any Claim "arising out of . . . any facts or circumstances which any **Insured** had knowledge of as of the effective date of this policy and which could reasonably have been expected to give rise to a **Claim**." Ex. O, Exclusion V.K., at USFIC000041.

40.     By letter dated March 11, 2021, U.S. Fire denied coverage for the Underlying Suit under the 2020 – 2021 Policy on the grounds that: (1) the Claim was not made or reported during the Policy Period and, instead was made on or before November 14, 2019; (2) there is no coverage based on Exclusion K because Starosta and the Law Firm – the Insureds – were aware of circumstances which could – and in fact did – give rise to the Claim before the 2020 – 2021 Policy incepted on April 1, 2020; and (3) based on the exclusion in the Policy application. *See* Ex. P, at pages 3-5.

### III.     CLAIMS FOR RELIEF

#### A.  FIRST CLAIM FOR RELIEF
(For a Declaration That The 2019 – 2020 U.S. Fire Policy
Does Not Afford Coverage for the Underlying Suit)

41.     U.S. Fire incorporates and realleges paragraphs 1 through 40 as if fully set forth herein.

42.     Coverage under the 2019 – 2020 Policy is limited to claims first made and reported to U.S. Fire during the April 1, 2019 to April 1, 2020 Policy Period. *See* Ex. M, at USFIC000005.

43.     The Claim was made during the Policy Period, no later than November 14, 2019, when Starosta and the Law Firm were served with the Petition in the Underlying Suit. *See* Exs. G and H.

44. The terms of the 2019 – 2020 Policy require that the Claim be reported during the Policy Period. *See* Ex. M, at USFIC000005.

45. U.S. Fire first became aware of the Underlying Suit over six months after the 2019 – 2020 Policy expired. Therefore, the Claim does not trigger the 2019 – 2020 Policy's Insuring Agreement.

46. An actual controversy exists between U.S. Fire and Starosta and the Law Firm regarding whether the 2019 – 2020 Policy affords coverage for the Underlying Suit.

47. Because the Underlying Suit is outside the coverage afforded by the 2019 – 2020 Policy, U.S. Fire is entitled to a declaratory judgment in its favor, pursuant to 28 U.S.C. § 2201(a), declaring that the 2019 – 2020 Policy does not afford coverage for the Underlying Suit, and U.S. Fire has no duty to defend or indemnify Starosta or the Law Firm with respect to the Underlying Suit under the 2019 – 2020 Policy.

### B. SECOND CLAIM FOR RELIEF
### (For a Declaration That The 2020 – 2021 U.S. Fire Policy
### Does Not Afford Coverage for the Underlying Suit)

48. U.S. Fire incorporates and realleges paragraphs 1 through 47 as if fully set forth herein.

49. Coverage under the 2020 – 2021 Policy is limited to claims first made and reported to U.S. Fire during the April 1, 2020 to September 20, 2020 Policy Period. *See* Ex. O, at USFIC000033.

50. The Claim was neither made nor reported during the Policy Period and, therefore, does not trigger the 2020 – 2021 Policy's Insuring Agreement.

51. Rather, the Claim was made nearly six months before the Policy Period, no later than November 14, 2019, when Starosta and the Law Firm were served with summons and a copy

9

of the Petition in the Underlying Suit, but first reported to U.S. Fire by Scanlan's counsel several weeks after the 2020 – 2021 Policy was cancelled. *See* Exs. G, H, and L.

52.     Given Starosta's knowledge of the Underlying Suit and of the circumstances that gave rise to the Underlying Suit prior to the 2020 – 2021 Policy Period, coverage is otherwise precluded pursuant to Exclusion K, which states that the 2020 – 2021 Policy does not apply to any Claim "arising out of . . . any facts or circumstances which any Insured had knowledge of as of the effective date of this policy and which could reasonably have been expected to give rise to a Claim." Ex. O, Exclusion V.K., at USFIC000041.

53.     Additionally, in light of Startosta's failure to disclose the Underlying Suit on the application for the 2020 – 2021 Policy, coverage is precluded pursuant to the exclusion in the application which states, in relevant part, "POLICY . . . SHALL NOT APPLY TO ANY INCIDENTS OR CLAIMS . . . WHICH SHOULD HAVE BEEN DETAILED IN QUESTION 4 a, b, or c ABOVE." Ex. N, at page 3.

54.     An actual controversy exists between U.S. Fire and Starosta and the Law Firm regarding whether the 2020 – 2021 Policy affords coverage for the Underlying Suit.

55.     Because the Underlying Suit is outside the coverage afforded by the 2020 – 2021 Policy, U.S. Fire is entitled to a declaratory judgment in its favor, pursuant to 28 U.S.C. § 2201(a), declaring that the 2020 – 2021 Policy does not afford coverage for the Underlying Suit, and U.S. Fire has no duty to defend or indemnify Starosta or the Law Firm with respect to the Underlying Suit under the 2020 – 2021 Policy.

WHEREFORE, U.S. Fire prays that judgment be entered in its favor as follows:

1.      Declaring that the 2019 – 2020 Policy does not afford coverage for the Underlying

Suit, and U.S. Fire has no duty to defend or indemnify Starosta or the Law Firm under the 2019 –

2020 Policy;

2.      Declaring that the 2020 – 2021 Policy does not afford coverage for the Underlying

Suit, and U.S. Fire has no duty to defend or indemnify Starosta or the Law Firm under the 2020 –

2021 Policy; and

3.      Awarding U.S. Fire such additional relief as shall be deemed appropriate in the

circumstances, together with its costs and expenses.

Dated this 28th day of April, 2021.

UNITED STATES FIRE INSURANCE
COMPANY, Plaintiff


*s/ Angela Probasco*
Angela Probasco                    MO#68611
Christopher G. Smith              MO#70362
CLYDE & CO US LLP
2301 McGee Street, Suite 500
Kansas City, MO 64108
(816) 278-1750
Angela.Probasco@clydeco.us
ChristopherG.Smith@clydeco.us

and

Katelin O'Rourke Gorman (*petition for
admission pro hac vice forthcoming*)
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, NY 10174
(212) 710-3900
Katelin.Gorman@clydeco.us